UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action NO. 06-89-HRW

THOMAS McCOY, PLAINTIFF,

v.     **MEMORANDUM OPINION AND ORDER**

CALGON CARBON CORPORATION, DEFENDANT.

This matter is before the Court on the Defendant's Motion for Summary Judgment [Docket No. 28]. The Plaintiff has not responded to this motion. The time for responding having now long since passed, this matter stands ripe for decision.

If for no other reason, it would be entirely proper to grant the Defendant's dispositive motion based on Plaintiff's failure to respond thereto as required by Rule 7.1( c)(1) of the Joint Local Rules of the Eastern and Western Districts of Kentucky[1]. The Court has reviewed the Defendant's motion and the court record, nevertheless. Based on the current state of the record, it appears that the Defendant's motion should be sustained on its merits as well.

---

[1] Local Rule 7(c)(1) specifically states that "[f]ailure to file an opposing memorandum may be grounds for granting [a] motion."

Plaintiff brings this action against his former employer Defendant Calgon Carbon Corporation (hereinafter "Calgon"). Plaintiff alleges that his retirement was coerced and the result of age discrimination and negligent infliction of emotional distress by Calgon [Docket No. 1].

Plaintiff began his employment at Calgon in 1979 and worked until his retirement in June 2005. At Calgon, he worked various production line positions, including packer, activator operator, baker operator and react [McCoy Deposition, Docket No. 23, pp. 12-14].

Between July 2003 and November 2004, Plaintiff was disciplined for five separate incidents of poor job performance [Exhibits 1, 2, 3, 5 and 9]. The record shows that pursuant to Calgon's disciplinary procedures, it could have discharged Plaintiff following the November 2004 incident. However, Calgon agreed to give Plaintiff another chance in deference to years of service with the company [Exhibit 6, p. 2].

Thus, on November 30, 2004, in lieu of being discharged, Plaintiff signed a "last chance" agreement which provided that the next occurrence of poor job performance would result in termination of his employment [McCoy Deposition, Docket No. 23, pp. 127, 151]. In addition, his union representatives, Frank Dixon and Paul Arnett, pursued other job options for Plaintiff at the plant where he

2

would be less likely to make a mistake. However, Plaintiff repeatedly refused offers to switch positions. He maintained that he knew how to operate the activator. [Arnett Deposition, Docket No. 26, p. 9]

During two shifts in April 2005, Plaintiff incorrectly labeled samples of product which were to be sent to the laboratory. Based upon these incidents, Plaintiff's history of disciplinary violations and the terms of the "last chance" agreement, Calgon terminated Plaintiff's employment. Before the discharge became effective, Plaintiff filed for retirement. He was permitted to retire, effective June 1, 2005. According to the record, Plaintff has been receiving retirement benefits since that time.

On May 1, 2006, Plaintiff filed the instant civil action. He maintains that Calgon attempted to "build a case" against him and force him into early retirement [Docket No. 1]. He also contends that Calgon thought he was "too old" and "too expensive" to retain [Docket No. 1].

Defendant seeks summary judgment as to all claims made against it.

## ANALYSIS

When considering a motion for summary judgment, Rule 56 of the Federal Rules of Civil Procedure dictates that the Court consider the evidence, resolve all doubts and construe all inferences in favor of the nonmoving party, in this case,

3

the Plaintiff, in an effort to determine whether any genuine issues of material fact exist. However, in a series of decisions commonly referred to as the "trilogy", *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), the United States Supreme Court emphasized that "[t]he mere existence of a scintilla of evidence in support of [a nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for" that party. *Anderson,* 477 U.S. at 252. In short, the "trilogy" requires the nonmoving party to produce specific factual evidence that a genuine issue of material fact exists.

Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to the parties case and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact" as a complete failure of proof concerning an essential element of the non-moving parties case "renders all other facts immaterial." *Bauer v. Montgomery,* 215 F.3d 656 (6th Cir. 2000), *citing Celotex, supra.*

Plaintiff alleges Calgon violated the Kentucky Civil Rights Act which, in pertinent part, prohibits an employer "to fail or refuse to hire, or to discharge any

4

individual, or otherwise discriminate against an individual with respect to terms, conditions or privileges of employment, because of the individual's . . . age." KRS 344.040.[2]

In order to prove his claim of age discrimination, Plaintiff may rely upon either direct or circumstantial evidence. *See generally, Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078 (6th Cir. 1994).

In an age discrimination case, direct evidence is "that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Briggs v. Potter*, 463 F.3d 507, 514 (6th Cor. 2006). Direct evidence cannot be based upon subjective beliefs; nor can it be based upon vague, isolated remarks. *Hein v. All America Plywood Co., Inc.*, 232 F.3d 482, 488 (6th Cir. 2000). It must "establish not only that the employer was predisposed to discrimination on the basis of age, but also that the employer acted on that predisposition." *Id.*

Plaintiff has not proffered evidence which satisfies this standard. In his deposition, Plaintiff was asked to identify all facts which supported his claim of age discrimination. He testified that one of his supervisors, Art Porter, did not

---

[2] The Kentucky Civil Rights Act mirrors the Age Discrimination in Employment Act of 1967 and is interpreted consistently with federal law. *Harker v. The Federal Land Bank of Louisville*, 679 S.W.2d 226, 229 (Ky. 1984).

5

like him and that the disciplinary actions he received were motivated by Porter's desire to be rid of him. However, Plaintiff admitted that Porter never said anything to him about his age; nor could Plaintiff describe any evidence that Porter disciplined him because of his age [McCoy Deposition, Docket No. 23, pp. 89-91].

At best, the record reveals a personality conflict between Plaintiff and one of his supervisors, Art Porter. However, this is not enough to support a claim of age discrimination. *See Manzer, supra.*

The only so-called direct evidence of age discrimination McCoy could identify was a remark made by George Rooker, Calgon's Director of Human Resources, that Plaintiff was "getting to old to work the activators" [McCoy Deposition, Docket No. 23, p. 138]. This remark was allegedly made during an April 2005 meeting Plaintiff, Rooker and Plaintiff's union representative Frank Dixon. However, this statement, alone, does not constitute direct evidence of age discrimination. Rooker denies making the statement [Rooker Affidavit, Exhibit 8]. In addition, Dixon testified that Rooker did not make any such remark or any statement concerning Plaintiff's age. [Dixon Deposition, Docket No. 27, p. 28]. Also, Plaintiff's perception that Rooker was trying to rid Calgon of Plaintiff because of his age is inconsistent with the actions of Rooker and other Calgon

6

representatives. At the meeting in question, Rooker was attempting to help Plaintiff by transferring him to an area where he was less likely to make a mistake which would cost him his job. Dixon confirmed this as well. [Dixon Deposition, Docket No. 27, pp. 26-27].

Plaintiff's testimony regarding Rooker does not satisfy the direct evidence standard.

Nor can Plaintiff maintain his claim of age discrimination based upon circumstantial evidence. In order to do so, Plaintiff must prove that: (1) he is a member of the statutorily protected age group, (2) he performed his job satisfactorily, (3) he was nonetheless terminated and (4) he was replaced by a younger person. *Manzer*, 29 F.3d at 1081. If Plaintiff can establish these elements, the burden shifts to Calgon to rebut the presumption of discrimination with evidence that Plaintiff's employment was terminated for legitimate, non-discriminatory reasons, such s poor work performance. *Id*. at 1082. If Calgon produces such evidence, the burden shifts back to Plaintiff to reject Calgon's explanation by introducing additional evidence of discrimination. *Id*. at 1084.

While it is undisputed that Plaintiff is a member of the statutorily protected age group, he has failed to present evidence that he performed his job satisfactorily and was replaced by a younger person. Indeed, the record us replete with evidence

7

to the contrary. Plaintiff received five disciplinary write-ups under Calgon's progressive discipline system. Each infraction was handled according to the relevant collective bargaining agreement [McCoy Deposition, Docket No. 23, pp. 81, 96, 112]. Plaintiff acknowledged his mistakes [McCoy Deposition, Docket No. 23, p. 126]. Based upon the record, Plaintiff has not presented circumstantial evidence of age discrimination.

Even assuming that Plaintiff could establish a prima facie case of age discrimination, Calgon has produced ample evidence that Plaintiff was discharged for legitimate, non-discriminatory reasons. As discussed above, Plaintiff has no additional evidence of age discrimination.

Plaintiff's claim of negligent infliction of emotional distress is flawed as well. Plaintiff claims that Calgon subjected him to manipulative and harassing behavior by attempting to coerce him into accepting lower paying positions and "last chance plans." Yet, there is no allegation of physical contact or injury which is required under Kentucky law. *Deutsch v. Shein*, 597 S.W. 2d, 141, 146 (Ky. 1980). Thus, Plaintiff cannot maintain this claim.

In this case, the record establishes that when Plaintff was retired, he was on the verge of being discharged for legitimate reasons relating to poor work performance pursuant to Calgon's progressive disciplinary system. There is

8

nothing in the record which supports a claim of age discrimination or negligent infliction of emotional distress. Plaintiff has failed to make a sufficient showing as to essential elements of his claims. Thus, Defendant is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 28] be **SUSTAINED.** A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 4 day of January, 2008.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE